IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ROBBIE W. WAGNER, | ) | CASE NO. 1:18 CV 0197 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MAGISTRATE JUDGE |
| v. | ) | WILLIAM H. BAUGHMAN, JR. |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | **MEMORANDUM OPINION & ORDER** |
| | ) | |

## Introduction

Before me[1] is an action by Robbie W. Wagner under 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of Social Security denying his applications for disability insurance benefits ("DIB") and supplemental security income ("SSI").[2]

## Analysis

This is a one issue case:

- The Administrative Law Judge's ("ALJ") residual functional capacity ("RFC") limited Wagner to light work with frequent use of the upper extremities. A consulting examiner opined that Wagner had marked limitations in standing and walking and in lifting and reaching with the right arm. The state agency reviewing physicians found no limitations in standing or walking but limited capability of reaching overhead. The ALJ gave great weight to the state agency reviewing physicians' opinions but assigned limited weight to the consulting examiner's opinion. Does substantial evidence support the ALJ's

---

[1] ECF No. 15. The parties have consented to my exercise of jurisdiction.
[2] ECF No. 1.

weight assignments to the state agency reviewing physicians' opinions and the consulting examiner's opinion?

The ALJ found that Wagner could perform his past relevant work as a security guard as actually and generally performed.[3] The vocational expert ("VE") testified that limiting walking and standing to four hours in an eight-hour work day would not preclude past relevant work.[4] The ALJ included frequent use of both upper extremities in his hypothetical, to which the VE responded with past relevant work.[5] Neither the ALJ, nor counsel for Wagner, posed greater limitations on the use of the upper extremities to the VE.

The VE adequately covered greater limitations on standing and walking in his testimony. The consulting examiner did not quantify the hours of standing and walking that Wagner could endure. The determinative limitation, therefore, is that on the use of the upper extremities.

The ALJ gives as reasons for assigning lesser weight to the opinion of the consulting examiner the reliance on Wagner's subjective reports and treatment records around the time of the consulting examiner's report (dated September 9, 2014). Wagner did complain to the consulting examiner about pain in both shoulders and elbows.[6] Range of motion tests conducted by the consulting

---

[3] ECF No. 12, Transcript ("Tr.") at 18.
[4] *Id.* at 62.
[5] *Id.* at 57-58.
[6] *Id.* at 376.

2

examiner showed limitations in the right shoulder.[7]  Grasp, manipulation, pinch, and fine coordination in both hands were normal.[8]  Examination notes show normal range of motion in tests done between March 7, 2014 and July 28, 2015.[9]

The state agency reviewing physicians on initial determination and reconsideration reviewed the report of the consulting examiner.[10]  The state agency reviewing physicians opined that the consulting examiner's opinion had less weight because the statements were vague and did not give specific limitations.[11]

The ALJ acknowledged and discussed the consulting examiner's opinion and gave reasons for discounting it.  He properly weighed the state agency reviewing physicians' opinions and articulated the reasoning supporting that weight.  Even assuming substantial evidence supported a disability finding, substantial evidence supports the ALJ's decision.  Under the "zone of choice" standard, I affirm the ALJ's no disability finding.

## Conclusion

Substantial evidence supports the finding of the Commissioner that Wagner had no disability.  Accordingly, the decision of the Commissioner denying Wagner disability insurance benefits and supplemental security income is affirmed.

IT IS SO ORDERED.

---

[7] *Id.* at 382.
[8] *Id.* at 381.
[9] *See, e.g., id.* at 340-43, 392-94, 407-10, 414-15, 421-25, 450-53, 455-57, and 459-62.
[10] *Id.* at 67, 81, 98, and 113.
[11] *Id.* at 73, 87, 104, and 119.

Dated: March 26, 2019                    s/ William H. Baughman, Jr.
                                         United States Magistrate Judge